IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICARDO JOSE PEREA ARGUELLO<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NEOM, in her official capacity as Secretary of the Department of Homeland Security, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, TODD LYONS, in his official capacity as the acting Director of Immigration and Customs Enforcement,<br><br>Defendants. | **AMENDED ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Civil No. 2:25-cv-00786-RJS<br><br>Chief District Judge Robert J. Shelby |

Before the court is Plaintiff Ricardo Jose Perea Arguello's[1] Emergency Motions for Temporary Restraining Order and Stay of Removal.[2] Mr. Arguello asks the court to "prohibit[] Defendants from removing Plaintiff from the United States" and "[o]rder Defendants to provide at least 14 days' notice before taking any action to remove Plaintiff."[3] Counsel for both parties presented oral argument to the court on September 12, 2025.[4] At the conclusion of the hearing, the court found Arguello satisfied his high burden to establish a temporary restraining order and

[1] Dkt. 21, *Amended Complaint* (correcting the named plaintiff to "Ricardo Jose Perea Arguello").

[2] Dkt. 2, *Emergency Motion for Temporary Restraining Order and Stay of Removal*; Dkt. 4, *Amended Emergency Motion for Temporary Restraining Order and Stay of Removal* (*Amended Motion*).

[3] *Amended Motion* at 4.

[4] Dkt. 19, *Amended Corrected Minute Entry for Proceedings Held Before Robert J. Shelby* (*Amended Minute Entry*).

issued an oral ruling granting Arguello's motion in part. The court explained a written order would follow.[5] This is that Order. As such, the court FINDS and ORDERS:

## BACKGROUND

The following facts are drawn from Arguello's Amended Complaint.[6]

On November 6, 2024, Arguello presented himself at the United States border seeking political asylum from his country of Venezuela.[7] Arguello had been in the United States before and it is unclear whether he previously left voluntarily or subject to an order of expedited removal.[8] On December 17, 2024, Arguello filed an application for asylum, withholding of removal, and protection under the convention of torture (CAT), which was accepted by the Executive Office for Immigration Review.[9] He was scheduled to appear before an immigration judge on October 19, 2026.[10]

On September 9, 2025, Arguello was arrested by U.S. Immigration and Customs Enforcement.[11] Arguello does not know the purpose of his arrest but, based on information and belief, pleads the purpose of the arrest was to effectuate his immediate removal from the United

---

[5] *Id.*

[6] During the hearing on September 12, 2025, counsel for both parties provided factual developments that have occurred since the filing of the Complaint and application for injunctive relief. *Id.* The court does not doubt that counsel for both parties faithfully represented the relevant facts as known to them. However, through no fault of either party, the court does not have clear and competent evidence before it. Neither counsel has had access to necessary evidence or adequate time to prepare. The government appeared for oral argument less than 48 hours after the case was filed. Arguello's counsel has not had access to Arguello since his arrest. As such, for the purpose of ordering this limited TRO pending further proceedings, the court limits the background section to facts alleged in the Complaint.

[7] *Second Amended Complaint* ¶ 2.

[8] *Id.*

[9] *Id.* ¶ 3; *see also id.* at Ex. 2, (USCIS Form I-589 Application).

[10] *Second Amended Complaint* at EOIR Automated Case Information.

[11] *Id.* ¶ 3.

States.[12] At the time of arrest, Arguello's application for relief remained pending before the immigration judge.[13]

On September 10, 2025, Arguello filed the present lawsuit against Kristi Neom in her official capacity as Secretary of the Department of Homeland Security, the United States Immigration and Customs Enforcement, and Todd Lyons, in his official capacity as the acting Director of Immigration and Customs Enforcement.[14] Within hours of receiving Arguello's Motion for a Temporary Restraining Order, this court issued an order setting a status and scheduling conference.[15] On September 12, 2025, the court heard oral argument from both parties.[16]

The court first considers its jurisdiction and then turns to the Motion.

**JURISDICTION**

The court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question Jurisdiction) since Arguello alleges violations of federal statutory and regulatory laws governing immigration and the U.S. Constitution.[17] Parties may consent to personal jurisdiction and venue.[18] During oral argument, defendants represented that they would not at this time challenge the court's jurisdiction and venue.[19]

---

[12] *Id.*

[13] *Id.*; *see also id.* at Ex. 3 (EOIR Automated Case Information).

[14] Dkt. 1, *Complaint*.

[15] Dkt. 5, *Order Setting Status and Scheduling Conference*.

[16] *Amended Minute Entry*.

[17] *Second Amended Complaint* at 2.

[18] *See* Fed. R. Civ. P. 12(b); *see Ace Invs., LLC v. Rubin*, 494 F. App'x 856, 858 (10th Cir. 2012) (personal jurisdiction).

[19] *See Amended Minute Entry*.

## ANALYSIS

A temporary restraining order requested under Federal Rule of Civil Procedure Rule 65(b) is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[20] A movant seeking a temporary restraining order must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the [temporary restraining order] is used; (3) that the threatened injury outweighs the harm that the [temporary restraining order] may cause the opposing party; and (4) that the [temporary restraining order], if issued, will not adversely affect the public interest."[21] The first two factors are the "most critical."[22] When the government is the opposing party, the third and fourth factors merge.[23] For the reasons below, Arguello establishes each of these factors and is entitled to a temporary restraining order, pending further proceedings.

### I. Arguello Is Likely to Succeed on the Merits.

Arguello must show that there is a "substantial likelihood" that he will prevail on the merits of his claim.[24] Arguello argues he is likely to succeed on the merits of his due process claim.[25] The court agrees.

---

[20] *Winter v. Nat. Res. Def. Counsil, Inc.* 555 U.S. 7, 22 (2008) (citation omitted); *Nken v. Holder*, 556 U.S. 418, 435 (2009); *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (citation omitted) (right to relief must be "clear and unequivocal").

[21] *Diné Citizens*, 839 F.3d at 1281 (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)); *Winter*, 555 U.S. at 20.

[22] *Nken*, 556 U.S. at 434.

[23] *Id.* at 435.

[24] *Diné Citizens*, 839 F.3d at 1281.

[25] *Second Amended Motion* at 3–4. Arguello also argues he is also likely to success on the merits of his statutory and regulatory rights claims. *Id.* It is true that noncitizens with pending asylum applications "shall not be excluded, deported, or removed before a decision is rendered on his or her asylum application," 8 C.F.R § 208.5(a); *see Turcios v. Wolf*, 828 F. App'x 496, 500 (10th Cir. 2020). However, the statutes and regulations governing asylum, withholding of removal, and CAT relief do not grant a private right of action. 8 U.S.C. § 1158(d)(7) (asylum and withholding of removal); 8 C.F.R. § 208.18(e)(2) (CAT relief). As such, at this juncture, the court construes the

The Fifth Amendment prohibits depriving individuals of liberty without due process.[26] This right extends to noncitizens in removal proceedings.[27] "No person shall be removed from the United States without opportunity, at some time, to be heard."[28] At minimum, "a detainee must have sufficient time and information to reasonably be able to contact counsel, file a petition, and pursue appropriate relief."[29] In *A.A.R.P.*, the Supreme Court held, "notice roughly 24 hours before removal, devoid of information about how to exercise due process rights to contest that removal, surely does not pass [constitutional] muster."[30] District courts applying *A.A.R.P.* have held due process in this context requires fourteen-day or twenty-one day notice prior to attempting removal.[31] The court is unable to locate authority in the Tenth Circuit providing guidance concerning the due process requirements in this circuit.

The court finds the process afforded to Arguello, as pled and as represented during oral argument, constitutionally inadequate. Arguello was not given the "time and information to reasonably be able to contact counsel" as required under the Fifth Amendment.[32] Arguello was arrested on September 9 to ostensibly effectuate his immediate removal. His arrest was the first notice he received of his imminent removal.[33] Arguello's counsel represented that in the two days between his client's arrest on September 12, 2025 and the hearing, Arguello was moved

---

Amended Complaint as seeking habeas relief based on the alleged due process violation. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1370 (2025).

[26] U.S. CONST. amend. V; *Landon v. Plasencia*, 459 U.S. 21, 32 (1982).

[27] *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (*per curium*) (internal quotation marks omitted).

[28] *A.A.R.P*, 145 S. Ct. at 1367 (citation modified).

[29] *Id.* at 1368.

[30] *Id.*

[31] *Gutierrez-Contreras v. Warden*, 2025 WL 1400402, at *6 (C.D. Cal. May 14, 2025) (requiring fourteen-day notice); *A.S.R. v. Trump*, 782 F. Supp. 3d 224, 249 (W.D. Pa. 2025) (requiring twenty-one-day notice); *W.J.C.C. v. Trump*, 2025 WL 1703682, at *8 (W.D. Pa. June 18, 2025) (requiring twenty-one-day notice).

[32] *A.A.R.P*, 145 S. Ct. at 1370.

[33] *See Amended Minute Entry*.

first to Montana and then to Nevada.[34] During this forty-eight hour window, Arguello was not allowed to contact his lawyer.[35] Arguello's counsel also represented that the government officials were informed of the pending TRO motion and nonetheless informed Arguello's wife that Arguello would be deported on the next plane out of the country.[36] Forty-eight hours is more notice than the twenty-four-hour notice that was constitutionally deficient in *A.A.R.P.*; however, it is not meaningfully more notice since during that period Arguello was unable to communicate with counsel. The fourteen-day and twenty-one-day notice requirements imposed by other courts further underscores the high likelihood that notice here is constitutionally insufficient. Together the very short notice of removal combined with the lack of access to counsel, at least on the limited record before the court at this time, establish a substantial likelihood that Arguello will succeed on the merits of his due process claim, satisfying the first Rule 65 factor.

## II. Arguello Faces Irreparable Harm Unless a Temporary Restraining Order Is Issued.

Arguello must show "irreparable injury is likely" in the absence of a temporary restraining order.[37] "When a plaintiff is asserting an injury in the form of a violated constitutional right, we presume that the injury will be irreparable if it exists."[38] When a plaintiff shows a likelihood of success on the merits for a constitutional violation, then irreparable harm is

[34] *See id.*; Counsel for the government represented that Arguello was located in the Uintah County jail in Utah as of Wednesday, September 10, 2025 but could not confirm whether Arguello had been moved since then. *See id.*

[35] *See id.* Counsel for the government did not make any representations regarding the accuracy of this allegation. *See id.*

[36] *Id.* Counsel for the government did not make any representations regarding the accuracy of this allegation. *See id.*

[37] *Winter*, 555 U.S. at 22 (citation omitted).

[38] *Ortega v. Grisham*, 2025 WL 2394646, at 3 (10th Cir. Aug. 19, 2025) (discussing irreparable harm in the Second Amendment context); *see also Elrod v. Burns*, 427 U.S. 347, 373–73 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

also established.[39] Here, Arguello asserts his irreparable injury is a violation of his Fifth Amendment Due Process rights. Since the court has already found a likelihood of success on the merits of this claim, Arguello has shown irreparable harm.

### III. The Balance of Equities and Public Interest Favor a Temporary Restraining Order.

The third and fourth factors—the public interest and balance of harms—merge when the government is the opposing party.[40] The court finds that this factor favors relief.

The public interest cuts in both directions. It is in the public interest to both prevent noncitizens from being wrongfully removed and to promptly execute removal orders of noncitizens deemed inadmissible.[41] It is true that the "continued presence of an alien lawfully deemed removable undermines the streamlined removal proceedings . . . and permits and prolongs a continuing violation of United States law."[42] However, the court is not aware of any circumstances that heighten the government's interest in Arguello's prompt removal here prior to adjudicating his immigration case. During the hearing on Arguello's motion, the United States was unable to proffer any facts that required Arguello's immediate removal.[43] There is no evidence in the record that Arguello is "particularly dangerous" or that he "has substantially prolonged his stay by abusing the processes provided to him."[44] Arguello is in the custody of Immigration and Customs Enforcement, and the Court finds he poses no threat to the community while in custody.

---

[39] *Ortega*, 2025 WL 2394646, at 3.

[40] *Nken*, 556 U.S. at 435.

[41] *Id.* at 436.

[42] *Id.* (citation modified).

[43] *Amended Minute Entry.*

[44] *Nken*, 556 U.S. at 436.

The final factor then turns on the balance of harms. The Supreme Court's recent *A.A.R.P. v. Trump* decision is instructive. There, the Supreme Court balanced the same two interests: the detainees' interest in judicial review before removal and the government's interest in prompt removal of inadmissible noncitizens. The Supreme Court held the noncitizen's interest was "particularly weighty" and granted preliminary relief restraining the government from removing the Venezuelan noncitizens pending further proceedings.[45] In *A.A.R.P.*, the detainees were provided notice "roughly 24 hours before removal, devoid of information about how to exercise due process rights."[46] The court recognized that had the noncitizens been "removed from the United States to the custody of a foreign sovereign," "the Government may have argued, as it [had] previously argued, that no U.S. court had jurisdiction to obtain relief."[47] This would foreclose the opportunity for any meaningful judicial review. Further, the Supreme Court warned that even if a court had jurisdiction over the case after removal, the government may represent that it is unable to return the noncitizen to the United States, as the government had argued in another case.[48] Accordingly, the court provided temporary relief pending further proceedings.[49]

The same principles apply here. Arguello was arrested on September 9, 2025. His lawyer filed this action the next day to avoid Arguello being immediately removed from the country. The sparse record limits the court's ability to review the process afforded to Arguello,

[45] *Id.* at 1368.

[46] *Id.*

[47] *Id*. at 1367 (citing *Noem v. Abrego Garcia*, No. 24A949, 2025 WL 1022673 (U.S. Apr. 7, 2025)).

[48] *Id.* at 1368 ("The Government has represented elsewhere that it is unable to provide for the return of an individual deported in error to a prison in El Salvador . . . where it is alleged that detainees face indefinite detention." (citing *Abrego Garcia v. Noem*, 777 F. Supp. 3d 501 (D. Md. 2025)).

[49] *See id.*

including the notice given and his access to his attorney.[50] Arguello has a great interest in having his case heard by a court in the United States. If no relief is issued, Arguello will imminently be removed from the United States. Once Arguello is removed from the United States, it is likely either no federal court will have jurisdiction to hear his case or, even if the court had jurisdiction, the federal government would be unable to comply with relief ordered. Thus, like the petitioners in *A.A.R.P.*, Arguello has a particularly weighty interest at stake that outweighs any interest the government has in his prompt removal. This factor favors relief.

In sum, Arguello has made a strong showing that he is likely to succeed on the merits of his Fifth Amendment claim, he will suffer irreparably injury absent relief, and the balance of harms weighs in his fact. He is thus entitled to the extraordinary remedy of injunctive relief, pending further proceedings.

**CONCLUSION**

For the reasons explained above, the court concludes Arguello has satisfied his heavy burden to obtain a temporary restraining order. Accordingly, his Motion is GRANTED IN PART and the court ORDERS as follows:

1. No later than Friday, September 19, 2025, Defendants shall physically return Arguello to the District of Utah.

2. The Court enjoins and restrains the Defendants, and any officers, employees, agents, or any other person or entity acting on behalf of the defendants, collectively or individually, from removing Arguello from the United States, pending further order from this court.

[50] During the hearing, Arguello's counsel represented that he had not been able to contact his client since Arguello's arrest two days prior. *Amended Minute Entry*.

3. The court sets the following briefing schedule. The government shall file its opposition to the TRO by September 26, 2025. Arguello shall file his reply, if any, by October 3, 2025. A TRO hearing will be set for October 7, 2025, at 10:00 AM. If Defendants wish to file a motion to dismiss challenging the sufficiency of the Amended Complaint, jurisdiction, venue, or other Rule 12 issues, they must do so by September 22, 2025. A response by Plaintiff is due by September 26, 2025. The Defendants shall file their reply, if any, by October 3, 2025.

4. No bond is required because "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."[51]

SO ORDERED this 15th day of September 2025, at 4:55 PM.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

[51] *Jorgenson v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003); *see also RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009) (affirming preliminary injunction without bond and noting "the latitude given to courts in making bond decisions").