IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICARDO JOSE PEREA ARGUELLO,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>Case No. 2:25-cv-00786-RJS<br><br>District Judge Robert J. Shelby |

This case arises out of the detention and imminent removal from the United States of Plaintiff Ricardo Jose Perea Arguello. Before the court is Arguello's Motion seeking a Temporary Restraining Order (TRO).[1] For the reasons explained below, the Motion is DENIED.

## BACKGROUND

Arguello is a citizen and national of Venezuela.[2] In 2023, he illegally entered the United States.[3] On September 3, 2023, U.S. Customs and Border Protection (CBP) encountered Arguello and placed him in expedited removal proceedings.[4] When Arguello claimed fear of persecution if returned to Venezuela, CBP referred him to U.S. Citizenship and Immigration Services (USCIS) for a credible fear interview.[5] USCIS interviewed Plaintiff and returned a

---

[1] Dkt. 4, *Emergency Motion for Temporary Restraining Order and Stay of Removal* (*TRO Motion*).

[2] Dkt. 35-1, *Statement of Ricardo Jose Perea Arguello* (*Arguello Declaration*) ¶¶ 1, 3.

[3] Dkt. 40-1, *Amended Declaration of Evan Tjaden* (*Tjaden Declaration*) ¶ 5; *Arguello Declaration* ¶ 4.

[4] *Tjaden Declaration* ¶ 5.

[5] *Id.* ¶ 6.

negative credible fear determination.[6] USCIS then referred Arguello to an Immigration Judge for review.[7] The Immigration Judge reviewed Arguello's claim and affirmed the negative credible fear determination.[8] Pursuant to an expedited removal order, the Department of Homeland Security (DHS) removed Arguello from the United States on October 18, 2023.[9]

On November 6, 2024, Arguello appeared at the San Ysidro port of entry in California.[10] He showed evidence of a CBP One appointment but did not have a valid entry document.[11] CBP told Arguello that he had a previous deportation order but paroled him into the United States pursuant to 8 U.S.C. § 1182(d)(5).[12] The officer issued Arguello a Notice to Appear that charged Arguello with being "an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the INA."[13] The Notice to Appear ordered Arguello to appear before an immigration judge on October 19, 2026.[14]

On December 17, 2024, Arguello filed an I-589 application seeking asylum, withholding of removal, and Convention Against Torture protection.[15] In his application, Arguello stated under penalty of perjury, "I am requesting asylum in the United States because my life is in

---

[6] Dkt. 40-1, *Tjaden Declaration Exhibits*, *I-869B USCIS Record of Negative Credible Fear* at 12; *see also Tjaden Declaration* ¶ 7.

[7] *Tjaden Declaration* ¶¶ 8–9.

[8] *Tjaden Declaration Exhibits, Executive Office for Immigration Review Order of the Immigration Judge* at 19–20.

[9] *Tjaden Declaration* ¶¶ 10–11.

[10] *Id.* ¶ 12.

[11] *Id.*; *Arguello Declaration* ¶ 10.

[12] *Tjaden Declaration* ¶ 12; *Arguello Declaration* ¶¶ 10–11.

[13] Dkt. 21-1, *Department of Homeland Security Notice to Appear* (*Notice to Appear*); *see also Tjaden Declaration* ¶ 13.

[14] *Notice to Appear*.

[15] Dkt. 21-2, *I-589 Application for Asylum and for Withholding of Removal* (*I-589 Application*).

document in acknowledgement.[26]  The Notice of Intent includes a section for the officer to indicate the language used to communicate the facts that formed the basis of the reinstatement decision.[27]  The Notice of Intent issued to Arguello does not identify a language.[28]  Arguello is a native Spanish speaker and is not fluent in English.[29]  Officer Tjaden's Declaration explains an "ICE officer advised Plaintiff in the Spanish language that his prior order of removal was being reinstated."[30]  Arguello states he never signed a document agreeing to return to Venezuela; rather, he signed one document the he was told "said that [he] had an attorney."[31]

Also on September 9, 2025, DHS filed a motion to dismiss Arguello's removal proceedings before the immigration court.[32]  The next day, on September 10, 2025, the Immigration Judge granted the motion and dismissed the case.[33]  Arguello has remained in ICE custody since his arrest.[34]

## PROCEDURAL HISTORY

On September 10, 2025, Arguello filed a Complaint, alleging causes of action under the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), and the U.S. Constitution,[35] and filed a Motion seeking a TRO.[36]  On September 12, 2025, the court heard

---

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *I-589 Application* at 21.

[30] *Tjaden Declaration* ¶ 17.

[31] *Arguello Declaration* ¶¶ 20–21.

[32] *Tjaden Declaration* ¶ 21.

[33] *Tjaden Declaration Exhibits*, *Executive Office for Immigration Review Order on Motion to Dismiss* (*Immigration Judge Dismissal Order*) at 31; *see also Tjaden Declaration* ¶ 22.

[34] *See Tjaden Declaration* ¶¶ 17, 26; *Arguello Declaration* ¶ 17.

[35] Dkt. 1, *Complaint*.  Arguello subsequently filed an Amended Complaint and a Second Amended Complaint.  *See* Dkt. 3, *Amended Complaint*; Dkt. 21, *Second Amended Complaint*.

oral argument, found Arguello satisfied his burden, and issued a provisional TRO.[37] On September 23, 2025, the court modified the TRO during a status conference with counsel from both parties.[38] On October 7, 2025, the court granted Defendants' Motion to Dismiss Counts I and III for lack of subject matter jurisdiction.[39] That same day, the court heard oral argument on Arguello's TRO Motion.[40] The TRO Motion is fully briefed and ripe for review.[41]

## JURISDICTION

Arguello moves for a TRO pursuant to Federal Rule of Civil Procedure 65(b) alleging violations of his Fifth Amendment Due Process rights.[42] The Complaint states, "This case arises under the Administrative Procedure Act."[43] The court lacks subject matter jurisdiction to consider Arguello's claims under the APA.[44] For the reasons explained below, the court construes the Second Amended Complaint as seeking habeas relief.

Federal district courts have jurisdiction to review habeas petitions filed by noncitizens in immigration detention.[45] Habeas jurisdiction is limited to violations of core constitutional rights,

---

[36] *TRO Motion*.

[37] Dkt. 19, *Amended Corrected Minute Entry* (*September 12 Minute Entry*) (oral order); Dkt. 24, *Amended Order Granting Temporary Restraining Order* (written order memorializing the oral ruling).

[38] Dkt. 33, *Minute Entry* (oral order); *see also* Dkt. 34, *Amended Temporary Restraining Order* (written order memorializing the oral ruling).

[39] Dkt. 43, *Minute Order* (*October 7 Minute Entry*) (granting Dkt. 30, *Defendants Motion to Dismiss for Lack of Jurisdiction*).

[40] *Id.*

[41] Dkt. 36, *Defendants' Memorandum in Opposition to Motion for Temporary Restraining Order* (*TRO Opposition*); Dkt. 38, *Plaintiff's Reply to Defendants' Opposition to Motion for Temporary Restraining Order* (*TRO Reply*).

[42] *TRO Motion* at 2.

[43] *Second Amended Complaint* ¶ 8.

[44] *See* 8 U.S.C. § 1252(b)(9); *id.* § 1252(a)(5); 5 U.S.C. § 701(a)(1); *see also October 7 Minute Entry* (oral order dismissing claims arising under the APA for lack of subject matter jurisdiction).

[45] *Thuraissigiam*, 591 U.S. at 111–12 (habeas petition sought by noncitizen in expedited removal); *see also Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (explaining that noncitizen detainees challenging their removal under the Alien Enemies Act must do so in habeas).

such as unlawful detention or denial of due process.[46]  Challenges to removal under immigration statutes that "largely preclude[] judicial review" must be brought in habeas for the court to have jurisdiction.[47]  When the relief sought necessarily implies the noncitizen's confinement and removal is unlawful, the claim falls within the "core of the writ of habeas corpus" and "must be brought in habeas."[48]  Courts may construe petitions seeking other relief as a habeas petition based on the relief sought.[49]

Here, the Complaint seeks relief under the INA, APA, and U.S. Constitution.[50]  But the relief sought sounds in habeas.  Arguello asks the court to declare "that ICE's detention and eventual deportation of Plaintiff is unlawful," order his "immediate release," and enjoin ICE "from taking any adverse action against Plaintiff while his I-589 is pending."[51]  The necessary implication of this requested relief is that Arguello's detention and removal is unlawful.

Defendants argue the court should not construe Arguello's Complaint as a habeas petition because it does not comply with procedural requirements.[52]  The court finds this argument unpersuasive.  In *J.G.G.*, Venezuelan noncitizens challenged their summary removal under the APA and the Supreme Court construed the petition as seeking habeas relief.[53]  In doing so, the

---

[46] *See J.G.G.*, 604 U.S. at 672.

[47] *Id.* (citing *Ludecke v. Watkins*, 335 U.S. 160, 163–64 (1948), and *Heikkila v. Barber*, 345 U.S. 229, 234–35 (1953)) (citation modified).

[48] *Id.* (citation modified).

[49] *See, e.g.*, *id.* at 672 (construing claims arising under the APA to seek habeas relief).

[50] *Second Amended Complaint* ¶¶ 26–43.

[51] *Id.* at 14–15.

[52] *TRO Opposition* at 9; Dkt. 40, *Defendants' Reply to Opposition to Motion to Dismiss* at 7; *see also October 7 Minute Entry*.

[53] *J.G.G.*, 604 U.S. at 672; *see also id.* at 674 (Kavanaugh, J., concurring).

Court did not consider whether the complaint met the procedural requirements.[54] This court follows suit and construes Arguello's petition as seeking habeas relief.

## LEGAL STANDARD

A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[55] The right to relief must be "clear and unequivocal."[56]

A movant seeking a temporary restraining order bears the heavy burden of showing "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the [TRO] is issued; (3) that the threatened injury outweighs the harm that the [TRO] may cause the opposing party; and (4) that the [TRO], if issued, will not adversely affect the public interest."[57] While the court may issue the relief "only if each factor is established,"[58] the first two factors are the "most critical."[59] The plaintiff must show there is a "substantial likelihood" that he will prevail on the merits and that "irreparable injury is likely" in the absence of the TRO.[60] Fact-intensive disputes are generally "not amenable for resolution in a TRO posture," because a movant must establish

---

[54] *Id.* The concurring and dissenting opinions in *J.G.G.* also do not consider whether the complaint met the procedural requirements of a typical habeas petition. *See id.* at 674 (Kavanaugh, J., concurring); *id.* at 675–91 (Sotomayor, J., dissenting); *id.* at 691–92 (Jackson, J., dissenting).

[55] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted).

[56] *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008)); *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018).

[57] *Diné Citizens*, 839 F.3d at 1281 (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).

[58] *Denv. Homeless Out Loud v. Denver*, 32 F.4th 1259, 1277 (10th Cir. 2022) (citation omitted).

[59] *Nken v. Holder*, 556 U.S. 418, 434 (2009).

[60] *Diné Citizens*, 839 F.3d at 1281; *Winter*, 555 U.S. at 22 (citations omitted).

facts supporting his position to meet his burden.[61]  When the government is the opposing party, the third and fourth factors merge.[62]  For the reasons below, the court concludes Arguello has not established a likelihood of success on the merits.  Accordingly, Arguello's motion is DENIED, and the provisional TRO is VACATED.

## ANALYSIS

Arguello fails to show a substantial likelihood that he will prevail on the merits of his due process claim.  Arguello advances three arguments to establish a violation of his Fifth Amendment rights: (1) subjecting him to expedited removal when he entered the United States lawfully deprives him of due process; (2) violating the process laid out in the INA amounts to a due process violation; and (3) providing him inadequate notice of removal violates his Fifth Amendment rights.[63]  The court considers and rejects each in turn.

---

[61] *Tactic Franchising, LLC v. 100 Percent Chiropractic Ryan, LLC*, No. 25-cv-00088-GPG-MDB, 2025 WL 1251260, at *2 (D. Colo. Jan. 15, 2025); *see also Danfoss Power Sols. (US) Co. v. Meritor Heavy Vehicle Sys., LLC*, No. 24-cv-00880-GPG-STV, 2024 WL 2273200, at *5 (D. Colo. Apr. 12, 2024) (TRO movant failed to establish a substantial likelihood of success on the merits when parties disputed facts and both positions had evidence in support); *Inspired By Design, LLC v. Sammy's Sew Shop, LLC*, No. 16-cv-2290-DDC-KGG, 2016 WL 6093778, at *10 (D. Kan. Oct. 19, 2016) (same).

[62] *Nken*, 556 U.S. at 435.

[63] *See Second Amended Complaint* ¶¶ 32–37.  While perhaps not on the face of the Complaint, all three arguments are implicit within Count II of the Complaint and have been bolstered throughout the course of briefing and oral argument.  *See Second Amended Complaint* ¶¶ 32–37; *TRO Motion*; *TRO Reply*; Dkt. 35, *Plaintiff's Response to Defendants' Motion to Dismiss*; *October 7 Minute Entry*.  At the TRO stage, "exigent circumstances may impose practical constraints.  Preliminary relief is 'customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.'  The purpose of such relief is 'merely to preserve the relative positions of the parties' pending further proceedings." *A.A.R.P. v. Trump*, 605 U.S. 91, 96 (2025) (quoting *Lackey v. Stinnie*, 145 S. Ct. 659, 667 (2025)).  Here, the Complaint was filed within 24 hours of Arguello's arrest.  *Complaint*.  The court heard oral argument forty-eight hours later.  *September 12 Minute Entry*.  Following the hearing, the court ordered Arguello to file an Amended Complaint that corrected the Plaintiff's name, but stated, "As the defendants are operating on a short timeline to respond to the Complaint, Plaintiff is not permitted to make any other substantive changes" to the Amended Complaint.  Dkt. 18, *Docket Text Order*.  Due to the expedited schedule and the court's prohibition on amendments, the court relaxes the general requirement for this stage of proceedings.

"It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings."[64] "Procedural due process rules are meant to protect against the mistaken or unjustified deprivation of life, liberty, or property."[65] "No person shall be removed from the United States without opportunity, at some time, to be heard."[66] "Due process requires notice that is reasonably calculated, under all circumstances, to apprise interested parties and that affords a reasonable time to make an appearance."[67] "As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him."[68]

### I. Subjecting Arguello to Expedited Removal Does Not Violate His Due Process Rights Because He Did Not Enter the United States Lawfully.

Noncitizens' constitutional rights are tied to the circumstances of their removal.[69] Arguello is facing removal based on the reinstatement of a prior removal order.[70] 8 U.S.C. § 1231(a)(5) provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . ., the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

---

[64] *J.G.G.*, 604 U.S. at 673 (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)) (citation modified).

[65] *A.A.R.P.*, 605 U.S. at 94 (quoting *Carey v. Piphus*, 435 U.S. 247, 259 (1978)) (citation modified).

[66] *Id.* (citation modified).

[67] *Id.* at 94–95 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)) (citation modified); *see also J.G.G.*, 604 U.S. at 673 (noncitizen "detainees are entitled to notice and the opportunity to be heard 'appropriate to the nature of the case'" (quoting *Mullane*, 339 U.S. at 313)).

[68] *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 497 (9th Cir. 2007) (en banc) (quoting *Padilla v. Ashcroft*, 334 F.3d 921, 924–25 (9th Cir. 2003)) (citation modified); *see also Green v. Whitaker*, 744 F. App'x 804, 805 (4th Cir. Dec. 6, 2018) (holding no due process violation occurred when noncitizen cannot show that defect prejudiced the outcome of her case); *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002) (same).

[69] *See A.A.R.P.*, 605 U.S. at 94–95.

[70] *Notice of Intent*; *see also Tjaden Declaration* ¶¶ 16–17.

Arguello argues expedited removal only applies to aliens who reentered illegally, and because he entered legally, he is entitled to more due process than an individual subject to expedited removal.

As a threshold issue, Defendants suggest the court lacks jurisdiction to consider this argument because the court does not have jurisdiction to consider the merits of the underlying removal order.[71] The court finds subject matter jurisdiction under the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*.[72] There, the noncitizen was subject to expedited removal for being "an alien present in the United States who had not been lawfully admitted" and who lacks a valid entry document, has not been physically present in the United States for two continuous years prior to the determination, and the Secretary of Homeland Security has designated the alien for expedited removal.[73] The Court recognized courts have no jurisdiction to review the underlying decision but retain habeas jurisdiction to consider whether expedited removal properly applies.[74] Specifically, courts may consider whether the petitioner entered the United States legally.[75] Arguello is subject to expedited removal for reinstatement of a prior removal order, which is a different removal provision than the provision at issue in *Thuraissigiam*. The court is unaware of any differences that would distinguish the reinstatement expedited removal process here from the process at issue there, and the Defendants were not able

---

[71] *See October 7 Minute Entry* (dismissing INA claims for lack of subject matter jurisdiction).

[72] 591 U.S. 103.

[73] *Id.* at 109.

[74] *Id.* at 111–12; *see also id.* (Thomas, J. concurring) (explaining noncitizens subject to expedited removal "may seek judicial review in habeas corpus proceedings" for the court to determine "whether he can provide by a preponderance of the evidence that he is an alien lawfully admitted" (citation modified)).

[75] *Id.* at 111.

to provide any during oral argument.[76] The court applies the same principle here and retains jurisdiction to consider whether Arguello entered legally.

A noncitizen who was previously removed cannot lawfully reenter the United States unless (1) ten years have passed since their prior removal or (2) the Attorney General consents to their readmission.[77] Here, Arguello was removed in 2023 and reentered approximately one year later without seeking the Attorney General's consent for admission.[78] This is unlawful under the statute.

Nonetheless, Arguello argues his parole into the United States renders his admission legal.[79] The court disagrees. The INA states "[a]n alien who is paroled" into the United States "shall not be considered to have been admitted."[80] Furthermore, a "procedurally regular" entry is not a lawful entry for the purpose of determining reinstatement.[81] In *Cordova-Soto*, a noncitizen faced reinstatement of a prior removal order after she reentered the country before the statutory time period lapsed and without the Attorney General's authorization.[82] The Tenth Circuit held that regardless of whether this entry was procedurally regular, "she could not have entered the United States legally" since she "reentered the country, without the Attorney General's authorization, shortly" after her initial removal.[83] During oral argument, Arguello argued *Cordova-Soto* involved a materially different reentry procedure such that the holding did

---

[76] *October 7 Minute Entry*.

[77] 8 U.S.C. § 1182(a)(9)(A).

[78] *Record of Deportable/Inadmissible Alien* at 24–25; *see also Arguello Declaration* ¶¶ 4–5, 10–11; *Tjaden Declaration* ¶¶ 11, 12, 16.

[79] *TRO Reply* at 3; *see also Tjaden Declaration* ¶ 12.

[80] 8 U.S.C. § 1101(a)(13)(B).

[81] *Cordova-Soto v. Holder*, 659 F.3d 1029, 1030, 1034–35 (10th Cir. 2011); *see also Green*, 744 F. App'x at 804 (holding parole is not a legal entry such that reinstatement of a prior order of removal is proper).

[82] *Cordova-Soto*, 659 F.3d at 1032–33.

[83] *Id.* at 1035.

not apply here.[84] Unlike Arguello, the alien in *Cordova-Soto* did not provide her identification to the border agents and was not paroled into the United States.[85] Even so, the Tenth Circuit did not consider these facts in holding reentry is only lawful under the statute if ten years has passed since the initial removal or if the Attorney General consents to readmission.[86] The reentry in *Cordova-Soto* did not satisfy this standard and was therefore unlawful. Here, too, Arguello's reentry does not satisfy this standard, so it too is unlawful. Accordingly, Arguello is properly subject to the reinstatement of his prior removal order.

### II. Violating the INA's Order of Operations Does Not Violate Constitutional Due Process.

Arguello argues Defendants violated his constitutional right to the sequential order of events required by the INA.[87] The court finds he has no such right.

Relying on the INA provisions establishing the process for deciding immigration claims before removal, Arguello argues the INA requires removal proceedings be terminated before initiating expedited removal and a nonsequential process violates constitutional due process.[88] Here, the government initiated expedited removal on September 9 and the removal proceedings were not terminated until the next day, September 10.[89] But a statutory violation does not necessarily amount to a constitutional procedural due process violation. Arguello provides no authority, other than the Fifth Amendment itself, demonstrating he has a constitutional right to

---

[84] *October 7 Minute Hearing*. In *Cordova-Soto*, the alien reentered the United States by taking a taxi across the border. *Cordova-Soto*, 659 F.3d at 1031. Border agents inspected the car before waving it through. *Id.*

[85] *Cordova-Soto*, 659 F.3d at 1031.

[86] *Id.* at 1035.

[87] *Second Amended Complaint* ¶ 35.

[88] *See id.* ¶¶ 34, 36 (citing INA § 208, 8 U.S.C. § 1158, and 8 CFR. §§ 1208.2(b), 1208.3(c)(3)). *But see* 8 U.S.C. § 1231(a)(5) (reinstatement of prior removal order is mandatory once the Attorney General finds that an alien reentered illegally).

[89] *Notice of Intent* at 7 (issued September 9, 2025); *Immigration Judge Dismissal Order* at 31 (matter dismissed on September 10, 2025); *see also Tjaden Declaration* ¶¶ 17, 22.

the order created by the INA.[90] Further, Arguello has not shown that this procedural violation prejudiced him. Had the statutory order been followed, Defendants would have waited until the Immigration Judge granted the Motion to Dismiss before initiating expedited removal. Arguello would have been placed in the same expedited removal process just 24 hours later than he was, but Arguello would be in the same place today: facing imminent removal due to the reinstatement of his prior removal order. Since the outcome is the same regardless of whether the government initiated expedited removal before or after the removal proceedings were terminated, there is no prejudice. Accordingly, an error in the order of operations cannot amount to a constitutional due process violation.

### III. Arguello Received Constitutionally Sufficient Notice of His Removal.

Arguello argues he received constitutionally inadequate notice of his removal. Notice depends on the circumstances of removal.[91] Defendants argue constitutional due process requires no more notice than what is required by the statute.[92] While Arguello argues compliance with a statute does not necessarily meet the constitutional floor,[93] he identifies no authority that requires more process than what the statute requires.

The removal statute and regulations entitle an alien to the following notice and process: (1) after unlawful reentry, the noncitizen receives written notice of the reinstatement determination; (2) the noncitizen must have the opportunity to make a statement; and (3) the

---

[90] *See generally Complaint*; *TRO Motion*; *TRO Reply*.
[91] *A.A.R.P.*, 605 U.S. at 94–95.
[92] *TRO Opposition* at 12–13; *see also October 7 Minute Entry*.
[93] *TRO Reply* at 6.

noncitizen may file for withholding of removal protection if they express fear of returning to the country designated for removal.[94]

Arguello received written notice of the reinstatement determination. DHS issued Arguello a Notice of Intent/Decision to Reinstate Prior Order.[95] The Notice states DHS "intends to reinstate the order of removal entered against" Arguello.[96] It also explains the prior order was entered on October 10, 2023, and pursuant to the order, Arguello was removed from the United States on October 18, 2023.[97]

The parties dispute whether Arguello had a sufficient opportunity to make a statement contesting the reinstatement. The Notice of Intent provides Arguello the opportunity to "make a statement contesting this determination."[98] Arguello declined to make a statement and signed the Notice.[99] Arguello speaks only Spanish.[100] The Notice does not indicate the language used to communicate to Arguello his right to contest the determination.[101] Defendants' Declaration states, an "ICE officer advised Plaintiff in the Spanish language that his prior order of removal was being reinstated. Plaintiff declined to provide a statement contesting ICE's determination . . . ."[102] Arguello maintains he never signed such a document. He declares he signed only "one document," and he was "told it said that [he] had an attorney."[103] This is a

---

[94] 8 C.F.R. § 241.8(b), (e).

[95] *Notice of Intent*; *see also Tjaden Declaration* ¶ 17.

[96] *Notice of Intent*.

[97] *Id.*

[98] *Id.*

[99] *Id.*

[100] *I-589 Application* at 21; *see also Arguello Declaration* at 2.

[101] *Notice of Intent*.

[102] *Tjaden Declaration* ¶ 17.

[103] *Arguello Declaration* ¶¶ 20–21.

factual dispute—with evidence supporting both sides—that cannot be resolved based on the current record. For this reason, Arguello fails to satisfy his burden of establishing a clear and unequivocal right to injunctive relief based on these disputed facts.

The parties also dispute whether Arguello has had the opportunity to pursue withholding of removal protection. A deportation officer signed a DHS record saying, "PEREA states he has no fear of persecution or torture if removed to Venezuela."[104] The Record does not state the language used to communicate with Arguello.[105] Arguello declares that he told ICE officials that he "could not safely return" to Mexico or Venezuela.[106] Furthermore, Arguello had a pending I-589 application that sought withholding of removal relief.[107] In the application, Arguello swore under penalty of perjury, "I fear I will be mistreated or harmed if I return to my home country, because I participated in demonstrations against the current government of Nicolas Maduro. I could be beaten, deprived of my liberty or killed by people sympathetic to the government."[108] The government terminated Arguello's withholding of removal application after initiating expedited removal.[109] When the court identified this factual dispute during oral argument, counsel for Defendants represented that Arguello will be placed into proceedings for withholding of removal protection if at any point he indicates a fear of returning to Venezuela.[110] The court accepts this representation made by an officer of the court. Given the factual dispute and

---

[104] *Record of Inadmissible/Deportable Alien* at 25.

[105] *Id.*

[106] *Arguello Declaration*. ¶¶ 18–19.

[107] *I-589 Application*. Aliens seeking withholding-only relief need not file a form other than the I-589, as this application seeks both asylum and withholding relief. *See I-589 Application*; *see also* 8 C.F.R. § 208.3.

[108] *I-589 Application* at 26.

[109] *Tjaden Declaration* ¶¶ 15, 21–22.

[110] *October 7 Minute Entry*.

counsel's representations, the court finds Arguello has failed to satisfy his burden on this due process argument.

Arguello fails to show that he is substantially likely to succeed on the merits of his due process claim. The court need not consider the other Rule 65 factors.[111] Arguello is not entitled to a TRO at this stage.

## CONCLUSION

For the reasons explained above, Arguello's Motion is DENIED.[112] The provisional TRO is VACATED.[113] The court appreciates the expedited process and exigent circumstances under which the parties briefed this Motion. Arguello's arguments have developed since filing the original Complaint. If desired, Arguello may file a Third Amended Complaint within 14 days of this Order. The deadline for the government to respond to the operative Complaint is tolled during this time. After which, the government is directed to respond in accordance with Federal Rule of Civil Procedure 12.

SO ORDERED this 9th day of October 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[111] *See Denv. Homeless Out Loud*, 32 F.4th at 1277.

[112] Dkt. 4.

[113] Dkt. 24; Dkt. 34; Dkt. 37.