IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICARDO JOSE PEREA ARGUELLO, <br><br> Plaintiff, <br><br> v. <br><br> KRISTI NEOM, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:25-cv-00786-RJS-DAO <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Jose Perea Arguello's Motion for Leave to file the Third Amended Complaint.[1]  For the reasons explained below, the Motion is GRANTED.

**BACKGROUND[2]**

Arguello is a citizen of Venezuela.[3]  In 2023, Arguello was removed from the United States.[4]  On November 6, 2024, Arguello presented himself to border agents to reenter and was paroled into the country.[5]  Thereafter, Arguello filed an application for asylum, withholding of

---

[1] Dkt. 77, *Motion for Leave to Amend the Complaint* (*Motion*); *see also* Dkt. 77-1, *Third Amended Complaint for Declaratory Relief Under the APA and Verified Petition for Habeas Corpus* (*Third Amended Complaint*).  The Third Amended Complaint is brought against Kristi Neom, in her official capacity as Secretary of the Department of Homeland Security; United States Immigration and Customs Enforcement; Todd Lyons, in his official capacity as the acting Director of Immigration and Customs Enforcement; Johnny Choate, in his official capacity as the warden of the Aurora Colorado Immigration Detention Facility; Marco Rubio, in his official capacity as Secretary of State; United States Department of Homeland Security; and the Executive Office for Immigration Review.  *Third Amended Complaint* ¶¶ 16–22.  This Order refers to the Defendants collectively as the government.

[2] The court briefly summarizes the factual and procedural background here.  For a more robust background, see *Third Amended Complaint*, and see also Dkt. 44, *Memorandum Decision and Order on Motion for Temporary Restraining Order* at 1–5.

[3] *Third Amended Complaint* ¶ 15.

[4] *Id.*

[5] *Id.*; *see also* Dkt. 77-3, *Amended Declaration of Evan Tjaden* ¶ 12 ("On November 6, 2024, Plaintiff appeared at the San Ysidro port of entry . . . and CBP paroled him into the United States pursuant to 8 U.S.C. § 1182(d)(5).").

removal, and protection under the Convention Against Torture.[6]  On September 9, 2025,

Immigration and Customs Enforcement officers arrested Arguello.[7]  The following day, the

Department of Homeland Security (DHS) moved to dismiss Arguello's removal proceedings,

which the immigration judge granted.[8]

In 2025, the government negotiated a series of bilateral Asylum Cooperative Agreements

(ACA), which are "agreements for cooperation in the examination of protection requests,

pursuant to which the United States purports to transfer certain noncitizens seeking asylum or

related protection to third countries for adjudication of their claims."[9]  Thereafter, DHS invoked

the ACAs as categorical grounds to pretermit asylum applications, and the Executive Office for

Immigration Review has accepted this invocation.[10]  On December 12, 2025, the government

filed motions to pretermit Arguello's application for asylum, withholding of removal, and

protection under the Convention Against Torture pursuant to the ACAs.[11]

Arguello initiated this action on September 10, 2025.[12]  On February 3, 2026, Arguello

filed the Motion seeking leave to file the Third Amended Complaint.[13]  "The proposed

amendment seeks to represent a nationwide class of noncitizens whose applications for asylum

and related protection have been or will be pretermitted under the ACAs, and to add appropriate

agency officials in their official capacities to ensure complete and effective injunctive relief."[14]

---

[6] *Third Amended Complaint* ¶ 3.

[7] *Id.* ¶ 4.

[8] *Id.*

[9] *Id.* ¶ 70 (quotation marks omitted).

[10] *Id.* ¶ 79.

[11] *Id.* ¶ 81.

[12] Dkt. 1, *Complaint for Declaratory Relief Under the APA* (*Complaint*).

[13] *Motion*.

[14] *Id.* at 1.

The time for the government to file a response to the Motion has passed, and no response has been filed.[15]  The Motion is ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 permits a plaintiff to amend the complaint with the court's leave and instructs the court to "freely give leave when justice so requires."[16]  Granting leave is within the district court's discretion.[17]  Rule 15 is intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[18]  Unless there is a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the court should grant leave to amend.[19]  Amendment is particularly appropriate when new facts or theories arise after the operative complaint was filed.[20]

## ANALYSIS

Leave to amend is warranted here.  The government did not file an opposition to the Motion, and the court sees no evidence of undue delay, bad faith, undue prejudice, or futility. The prior Complaint challenged the detention and immigration process afforded to Arguello and the Third Amended Complaint continues to challenge his detention and immigration process.[21] The amendments are largely based on facts that occurred after the operative complaint was

---

[15] DUCivR 7-1(a)(4)(D)(ii).  *See generally Docket.*

[16] Fed. R. Civ. P. 15(a)(2).

[17] *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971).

[18] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation marks omitted).

[19] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[20] *See Minter,* 451 F.3d at 1206–07.

[21] *Compare Complaint, with Third Amended Complaint.*

filed.[22]  Specifically, the Third Amended Complaint includes class allegations based on DHS invoking the ACA to pretermit the immigration applications of Arguello and others similarly situated without individualized review.[23]  Arguello could not have included this allegation earlier since the agency's action occurred after the filing of the operative complaint.  Further, the court sees no evidence of undue delay.  DHS filed the motion to pretermit Arguello's removal proceedings on December 12, 2025.[24]  The pending motion was filed less than two months later while discovery was still ongoing.[25]

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED.[26]  Within seven days of this Order, Arguello shall file the Third Amended Complaint attached to the Motion.[27]

SO ORDERED this 16th day of March, 2026.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[22] *See Motion* at 7–8.

[23] *Third Amended Complaint ¶ 23.*

[24] *Motion* at 2; *see also* Dkt. 77-10, *DHS Motion to Pretermit the Respondent's Protection Applications*.

[25] Dkt. 70, *Scheduling Order* at 4.  Arguello's deadline to file a motion to amend the Complaint or join additional parties was January 15, 2026. *Id.*  The Motion was filed on February 3, 2026.  A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Good cause is satisfied when "a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  Good cause exists here.  The agency action giving rise to the amendments occurred less than five weeks before the January 15, 2026 deadline.  Arguello filed the Motion less than three weeks after the deadline.  Further, the government does not oppose the Motion.

[26] Dkt. 77.

[27] Dkt. 77-1.